Lin v. Holder

BIA
Van Wyke, IJ
A097 814 094

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 2nd day of February, two thousand twelve.

PRESENT:
>JOSÉ A. CABRANES,
>DEBRA ANN LIVINGSTON,
>GERARD E. LYNCH,
>>*Circuit Judges.*

_____

HAI YAN LIN,
>*Petitioner,*

>v.

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>*Respondent.*

11-817-ag
NAC

_____

FOR PETITIONER: Lee Ratner, Law Offices of Michael Brown, New York, NY.

FOR RESPONDENT: Tony West, Assistant Attorney General; Mary Jane Candaux, Assistant Director; Edward E.

**Wiggers, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Hai Yan Lin, a native and citizen of the People's Republic of China, seeks review of a February 8, 2011, decision of the BIA affirming the December 31, 2008, decision of Immigration Judge ("IJ") William P. Van Wyke, denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Hai Yan Lin*, No. A097 814 094 (B.I.A. Feb. 8, 2011), *aff'g* No. A097 814 094 (Immig. Ct. N.Y. City Dec. 31, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the BIA's and IJ's opinions. *See Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008). "We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as 'conclusive unless any reasonable

2

adjudicator would be compelled to conclude to the contrary.'"  *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165 (2d Cir. 2008) (quoting 8 U.S.C. § 1252(b)(4)(B)).  "When evaluating credibility determinations for substantial evidence, we afford particular deference to the IJ," and "[w]here the IJ's adverse credibility finding is based on specific examples of inconsistent statements or contradictory evidence, a reviewing court will generally not be able to conclude that a reasonable adjudicator was compelled to find otherwise."  *Id.* at 165-66 (internal quotation marks and ellipsis omitted).

For asylum applications governed by the REAL ID Act, such as Lin's application, the agency may, "[c]onsidering the totality of the circumstances, . . . base a credibility finding on the demeanor, candor or responsiveness of the applicant, . . .the consistency between the applicant's or witness's written or oral statements,. . . without regard to whether an inconsistency . . . goes to the heart of the applicant's claim."  8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 165-66.

Substantial evidence supports the agency's adverse credibility determination.  In finding Lin not credible, the IJ reasonably relied in part on Lin's demeanor when

3

testifying about her involvement with Falun Gong. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). We give particular deference to the trier of fact's assessment of demeanor when that assessment is supported by specific examples in the record, as here. The IJ cited several examples of instances in which Lin appeared to be attempting to divert the court's attention away from her participation, or lack thereof, in Falun Gong. *See Majidi v. Gonzales*, 430 F.3d 77, 81 (2d Cir. 2005). Because the IJ was in the best position to discern the impression conveyed by Lin, we afford those demeanor findings particular deference. *See Zhou Yun Zhang v. INS*, 386 F.3d 66, 73-74 (2d Cir. 2004), *overruled on other grounds by Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296 (2d Cir. 2007).

In addition, Lin does not challenge the remaining findings underlying the agency's adverse credibility determination, and they stand as valid bases for that determination. *See Shunfu Li v. Mukasey*, 529 F.3d 141, 146 (2d Cir. 2008). Nevertheless, a review of these findings reveals that the agency reasonably relied on Lin's omission from her asylum application of her membership in both a Falun Gong organization and the Communist Party. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at

4

165-66.  Furthermore, having questioned Lin's credibility, the agency reasonably relied on her failure to provide sufficient evidence corroborating her involvement with Falun Gong.  *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007).

Ultimately, substantial evidence supports the agency's finding that Lin was not credible as to her claim of a well-founded fear of future persecution on account of her involvement with Falun Gong, and that finding provided an adequate basis for denying Lin's application for asylum, withholding of removal, and CAT relief.  *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).  Lin does not challenge the agency's denial of her application insofar as it was based on domestic violence she suffered in China.

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5